UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL, JD,

    Plaintiff,   Hon. Hala Y. Jarbou

v.   Case No. 1:22-cv-1236

GARRETT KEEL-WORRELL,

    Defendant.
_____/

**ORDER**

    This is a lawsuit between cousins. On its face, it is a family feud concerning, at least in part, a piece of property located in Allegan County owned jointly by Plaintiff's and Defendant's mothers and their sister. The sisters apparently are engaged in state-court litigation over this property. The dispute, however, runs much deeper, and intense dislike probably does not begin to describe this familial relationship. Setting aside Plaintiff's commentary in his amended complaint about an Allegan County Circuit Court judge (a prior target of his complaints in this Court) and the Federal Bureau of Investigation, he alleges a pattern of harassing conduct by Defendant that reflects the state of this relationship. If true, it is highly concerning.[1]

    In most cases there is another side to the ledger, and this one is no exception. Defendant's counsel has filed an ex parte motion requesting that the Court suspend the application of Local Civil Rule 7.1(d), which requires the moving party to do certain things in connection with filing a

---

[1] Plaintiff filed an amended complaint on February 8, 2023, as permitted by Fed. R. Civ. P. 15(a)(1)(b).

1

motion, depending on whether the motion is dispositive or nondispositive. In all cases, the moving party must ascertain whether the motion will be opposed, which requires some form of contact between the parties and/or their counsel.

Defendant's counsel attempted to comply with this rule before filing a motion for summary judgment, which has been docketed as ECF No. 5. Her efforts were met with a series of emails from Plaintiff (ECF No. 10-2), which in turn led her to seek and receive a Personal Protection Order (PPO) against Plaintiff by the Kent County Circuit Court. (ECF No. 10-3.) Pertinent to this litigation, the PPO prohibits Plaintiff from: (1) appearing within sight of counsel; (2) approaching counsel in a public place or on private property; (3) sending mail or other communications to counsel; (4) contacting counsel by telephone; and (5) posting a message through the internet, which includes sending an email. (ECF No. 10-3 at PageID.64.) The issues the PPO creates for this litigation are patent; proceeding in the normal fashion would likely cause Plaintiff to violate the PPO, particularly given that he is not registered to file electronically in this matter. It is not clear whether Defendant's counsel can effectively represent her client in the lawsuit going forward so long as the PPO is in place. It is currently in effect until July 19, 2023. (ECF No. 10-3, PageID.64.)

Working around these issues while the PPO remains in effect may be difficult, but perhaps is not impossible. First, Defendant's motion to suspend the application of Local Civil Rule 7.1(d) in this action (ECF No. 10) is **GRANTED** for as long as the PPO is in effect. Second, within **14 days** from the date of this Order, Plaintiff shall apply to this Court to file electronically. Requiring Plaintiff to file electronically will eliminate the need for him to mail copies of filed documents and certificates of service to defense counsel. Plaintiff's failure to submit his application within that time will result in a recommendation of **dismissal** of this action. Finally, the parties are encouraged

to explore with the state court reasonable modifications to the PPO that may allow this case to progress in a more normal fashion without hampering the PPO's purpose.

Lastly, at least as they appear on the current record, Plaintiff's emails were offensive, abusive, and have no place in a proceeding before this Court. Attorneys practicing in this district are expected to conduct themselves in a civil and respectful manner. Plaintiff included the notation "JD" after his name, suggesting he has a law degree. Regardless, his pro se status is no excuse for incivility or abusive and threatening behavior. *See Sanders v. Delta Air Lines, Inc.*, No. 13-1440, 2014 WL 2859135, at *3 (D. Ariz. June 23, 2014) ("Although a pro se litigant may be entitled to great leeway by the Court when construing their filings, it does not excuse him from following basic rules of ethics and civility." (internal citation omitted)). "The federal courts do not provide a forum for mudslinging, name calling and "privileged" defamation." *Alvarado Morales v. Digital Equip. Corp.*, 669 F. Supp. 1173, 1187 (D.P.R. 1987).

For more than two centuries, the Supreme Court has recognized that "'[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)). "This power is organic, without need of a statute or rule for its definition. . . ." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). This authority vests courts "'with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Chambers*, 501 U.S. at 43 (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821)). This inherent authority also permits a court to sanction a party who "abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Shaffer Equip. Co.*, 11 F.3d at 462. In

appropriate cases, courts have sanctioned a party for using abusive and threatening language toward the other party. *See Nguyen v. Biter*, No. 1:11-cv-00809, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015) ("Plaintiff is mistaken that proceeding pro se shields him from the consequences of his actions or excuses misbehavior. It does not. Parties and counsel have a duty to behave civilly and respectfully toward one another, and conduct to the contrary is sanctionable where it undermines the integrity of judicial proceedings."). Sanctions for such conduct have included dismissal of the action. *See Cameron v. Lambert*, No. 07 Civ. 9258, 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008) (dismissing pro se action based on the plaintiff's use of abusive and threatening language toward defense counsel).

Because Defendant's counsel filed the motion using the ex parte filing event, Plaintiff has neither seen nor had an opportunity to respond to the motion. Accordingly, the Clerk shall send Plaintiff a copy of the motion and attached exhibits. (ECF No. 10.) Plaintiff is ordered to respond showing cause why he should not be sanctioned for his conduct by filing a brief within **14 days** of this order and **must appear in person** for a hearing before the undersigned on **March 8, 2023, at 10:00 AM** at 650 Federal Building, 110 Michigan Street NW, Grand Rapids, Michigan 49503.

**IT IS SO ORDERED**.

Dated: February 15, 2023  /s/ Sally J. Berens  
SALLY J. BERENS  
U.S. Magistrate Judge

4