UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN (SOUTHERN DIVISION)

NEVIN P. COOPER-KEEL, JR.

    Plaintiff,

vs.

GARRETT KEEL-WORRELL,

    Defendant.

Case No. 1:22-cv-01236-HYJ-SJB

Hon. Hala Y. Jarbou, Presiding

Hon. Sally J. Berens, Referral

ORAL ARGUMENT NOT REQUESTED

| | |
|---|---|
| Nevin P. Cooper-Keel, Jr.<br>Plaintiff in pro per<br>3127 127th Avenue<br>Allegan, MI 49010<br>(616) 329-7077<br>nevincooperkeel@gmail.com | Sara E.D. Fazio (P62046)<br>Kreis, Enderle, Hudgins & Borsos, P.C.<br>Attorneys for Defendant<br>333 Bridge Street NW, Suite 900<br>Grand Rapids, MI 49504<br>(616) 254-8400<br>sfazio@kreisenderle.com |

## **DEFENDANT'S BRIEF IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 12(b)(1) and 12(b)(6)**

### I. Synopsis

Plaintiff, Nevin P. Cooper-Keel, Jr. ("Plaintiff") filed an amended Complaint with this Court alleging damages of exactly $3,200,000. To the extent upon which the interpretation of Plaintiff's eight-count Complaint can be gleaned, the Complaint states absolutely no facts upon which this amount is stated with any legal certainty. In fact, the allegations of the Complaint show that this case was filed in this Court for purposes of forum shopping and the damage amount is clearly inflated, as Plaintiff himself irrelevantly attacks the Allegan County Circuit Court and others. Because Plaintiff pleads diversity jurisdiction, which requires an amount in controversy in excess of $75,000, and no such facts were pled upon which to support his sum certain request for 3.2 million dollars, this case must be dismissed for lack of subject matter jurisdiction pursuant to F.R.C.P. 12(b)(1). Furthermore, Plaintiff's case of action against Defendant under 42 U.S.C. §

Case 1:22-cv-01236-HYJ-SJB  ECF No. 14-1,  PageID.98  Filed 02/27/23  Page 2 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*  Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 2 of 10

1983 is frivolous, as Defendant is not a government employee who was acting "under color of state law," nor does a private cause of action exist under 18 U.S.C. § 1512. Sanctions must also be granted pursuant to Defendant's separately filed Rule 11 Motion.

## II. Statement of Facts

Plaintiff filed a Complaint dated December 28, 2022, attempting to allege five counts against Defendant: (1) "Harassment"; (2) False Imprisonment; (3) "Extortion"; (4) Invasion of Privacy; and (5) Intentional Infliction of Emotional Distress. Plaintiff's disjointed and confusing allegations range from alleging that Defendant testified in his divorce case, accusing the FBI of "getting Twitter to stifle free speech," speculating that Defendant sabotaged a hay baler, and much more. Plaintiff's factual claims against Defendant vary wildly, and are hard to glean from a reading of the Complaint. Defendant filed an Amended Complaint adding a claim under 42 U.S.C. § 1983 for "civil conspiracy," and for "slander and libel." From what can be gleaned from the Amended Complaint, Plaintiff appears to allege the following against Defendant (as opposed to other persons and/or entities):

- That sometime in 2015, Defendant hung a dead goat on Plaintiff's mail box (ECF No. 11 PageID.2 ¶ 13);

- That on December 28, 2020, Defendant texted Plaintiff that "he deserved to be shot" (ECF No.11 PageID.3 ¶ 9);

- That in March 2021, Defendant testified in Plaintiff's divorce trial (ECF No. 11 PageID.3 ¶ 14);

- That in April 2021 and November 2021, Defendant "vacationed" with Plaintiff's now ex-wife and children (ECF No. 11 PageID.3 ¶ 24-26);

- That during his divorce trial, Defendant texted a witness. (ECF No. 11 Page ID.31);

Case 1:22-cv-01236-HYJ-SJB  ECF No. 14-1, PageID.99  Filed 02/27/23  Page 3 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*  Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 3 of 10

- That in September 2021, Defendant texted Plaintiff about a family farm (ECF No. 11 PageID.6 ¶ 48-50);

- That on June 22, 2022, Defendant emailed Plaintiff that he would be coming out to do some maintenance on deer blinds (ECF No. 11 PageID.6-7 ¶ 54);

- That on June 25, 2022, Defendant parked a pickup truck across the street from his house and offered to help Plaintiff bail hay (ECF No. 11 PageID.7 ¶ 58-70);

- That on November 11, 2022, Defendant "cornered" Plaintiff in a pole barn and asked him if he wanted venison. (ECF No. 11 PageID.8 ¶ 72-78);

- That on November 13, 2022, Defendant drove by Plaintiff's house to "stalk and harass" Defendant, yelled offensive things at him, followed him to his house, attempted to break into his garage, resulting in the police being called, that Defendant lied to the officer about the facts of the incident, and *Plaintiff* being charged with a crime (ECF Page No. 11 PageID.8-14 ¶ 79-145).

Of particular concern, Plaintiff originally alleged in Paragraph 27 of his original Complaint that "[b]efore my witness answered, I said to the **biased and unethical judge Roberts Kengis**, who himself had been stalking me on LinkedIn and social media a few week earlier – 'isn't that witness intimidation', which he just shrugged at." (ECF No. 1 PageID.4 ¶ 27) (emphasis added). The Michigan Court of Appeals issued a lengthy opinion regarding Plaintiff's allegations against Judge Kengis, all of which were found to be without merit. *Cooper-Keel v. Cooper-Keel*, 2022 Mich. App. LEXIS 4714; 2022 WL 3333251 (Mich. App. Aug 11, 2022) (attached hereto as **Exhibit A**). Further, *this* Court is well aware of Plaintiff's "ongoing feud with, and criticism of, the [Allegan] Circuit Court and its judges, including Kengis. *Cooper-Keel v. State of Michigan*, Case No. 1:22-cv-189; 2022 U.S. Dist. LEXIS 182145; 2022 WL 4945688 (W.D. Mich. June 17,

Case 1:22-cv-01236-HYJ-SJB   ECF No. 14-1, PageID.100   Filed 02/27/23   Page 4 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*                                Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 4 of 10

2022) ("This action is the latest chapter in Cooper-Keel's ongoing feud with, and criticism of, the Circuit Court and its judges, including Kengis."); See also *Cooper-Keel v. State of Michigan*, Case No. 1:21-cv-1076; 2022 U.S. Dist. LEXIS 183452; 2022 WL 5243036 (W.D. Mich. Oct. 6, 2022); See also *Cooper-Keel v. County of Allegan*, Case No. 1:21-cv-203; 2021 U.S. Dist. LEXIS 191700; 2021 WL 4553360 (W.D. Mich. Oct. 5, 2021).

Defendant repeated this allegation in his Amended Complaint (ECF No. 11 PageID.4 ¶ 32), and also elected to add additional commentary about the Allegan County Circuit Court:

> But it was just Defendant, and people like Judge Kengis, working together to deprive me of my state and federal rights under color of law.
>
> (ECF No. 11 PageID.4 ¶ 34)

As to "damages" in his eight-count Complaint, Plaintiff alleges the following:

a. "My compensatory damages for the emotion distress of these matter is one million dollar." (ECF No. 11 PageID.19 ¶ 204).

b. "The setbacks to my businesses over these last two years amount to six hundred thousand dollars." (ECF No. 11 PageID.19 ¶ 205).

c. "With Defendant's income being six hundred thousand dollar per year, and his assets totaling around three million dollars, I think an additional 1.6 million dollars in punitive damages are necessary to get Defendant to stop his tortious and criminal conduct toward me." (ECF No. 11 PageID.20 ¶ 208).

Plaintiff also makes several general allegations that the amount in controversy in this matter exceeds $75,000. (ECF No. 11 PageID.1 and 19 ¶ 3, 203).

Furthermore, this Court has excused Local Civil Rule 7.1(d) in this case and issued a show cause order for Plaintiff's offensive and abusive email correspondences to Defendant's counsel in seeking concurrence to Defendant's original Motion for Summary Judgment.  Likewise,

Case 1:22-cv-01236-HYJ-SJB   ECF No. 14-1, PageID.101   Filed 02/27/23   Page 5 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*                                     Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 5 of 10

Defendant's counsel obtained a PPO in the Kent County Circuit Court. Defendant filed an egregiously offensive objection therein, which is attached hereto as **Exhibit B**.

As discussed below, Plaintiff has failed to plead his sum certain damages with any legal certainty. Plaintiff's claim under 42 U.S.C. § 1983 is not cognizable against Defendant. It is also clear from the face of the Complaint that Plaintiff has admitted to forum shopping given his continued criticism of the Allegan County Circuit Court, and that this case is filed for improper purposes. Dismissal and sanctions are warranted.

### III. Standard of Review

F.R.C.P. 12(b)(1) provides for dismissal when the Court lacks subject matter jurisdiction. Without subject matter jurisdiction, a court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990).

"A challenge regarding the amount in controversy is a factual attack." *Sturkey v Duty Free Americas, Inc.,* No. 17-10221, 2018 U.S. Dist. LEXIS 129397, at *4 (E.D. Mich. Aug. 2, 2018). No presumptive truthfulness applies to factual attacks, as it is a challenge to the factual existence of subject matter jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "The Court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

It is the party that opposes dismissal that has the burden of proving subject matter jurisdiction. *GTE North, Inc. v. Strand*, 209 F3d 909, 915 (6th Cir. 2000). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Huges v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). "The plaintiff must establish subject matter jurisdiction by a preponderance of the evidence." *Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856, 860 (E.D. Mich. 2014).

Case 1:22-cv-01236-HYJ-SJB   ECF No. 14-1, PageID.102   Filed 02/27/23   Page 6 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*                                    Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 6 of 10

Summary Judgment is warranted under Rule 12(b)(6) when Plaintiff fails to state a claim upon which relief can be granted. In analyzing a 12(b)(6) motion, the Courts accepts as true all well-pleaded factual allegations and views the Complaint in the light most favorable to the Plaintiff. *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 602 (6th Cir. 2005). "Dismissal of the complaint is property 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73; 81 L. Ed. 59; 104 S. Ct. 2229 (1984)).

### IV. Legal Analysis and Discussion

This is a Court of limited jurisdiction. Plaintiff first alleges this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, in order to have subject matter jurisdiction under 28 U.S.C. § 1332 the amount in controversy must exceed $75,000. *Id.* ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states.").

For claims originally brought in federal court, a plaintiff's **_good-faith_** assessment of the claims' values controls. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288; 58 S. Ct. 586; 82 L. Ed. 845 (1938). A plaintiff, as "master of the claim," should know "whether his claim is within the statutory requirements as to amount." *Gafford v. Gen. Elec. Co.*, 997 F. 2d 150, 157 (6th Cir. 1993) (internal citation omitted), *abrogated on other grounds by Hartz Corp. v Friend*, 559 U.S. 77; 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010). Thus, a Court may dismiss a case for failure to meet the jurisdictional minimum if "it appears that the plaintiff's assertion of the amount in controversy was made in bad faith." *Id*. [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the

Case 1:22-cv-01236-HYJ-SJB   ECF No. 14-1, PageID.103   Filed 02/27/23   Page 7 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*                                    *Case No.1:22-cv-01236-HYJ-SJB*
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 7 of 10

proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul*, 303 U.S. at 288-290.

Plaintiff has vaguely and conclusory alleged a total of 3.2 million dollars in damages. In his Amended Complaint, however, Plaintiff alleges no allegations giving rise to facts in support of such damages. Plaintiff failed to plead any concise allegations as to wage loss, contrary to F.R.C.P. 8(d)(1). Plaintiff fails at all to plead how any of the alleged conduct would impact his wages (if any) in any way.

Furthermore, Plaintiff makes no concise allegations regarding any claimed "pain and suffering." In his 209-paragraph Complaint, Plaintiff does not make a single allegation of any physical contact perpetrated by Defendant. Therefore, how Plaintiff has suffered "pain" is wholly left unpled and unexplained. At best, Plaintiff makes vague and overly broad allegations that he suffered "emotional distress" throughout his various counts. Just as in *Sturkey*, *supra*, Plaintiff fails to allege any details regarding "pain and suffering" or otherwise non-economic damages (termed "mental distress and anguish" in *Sturkey*). This Court should find as the court did in *Sturkey*—that from the face of the pleadings, it is apparent Plaintiff cannot recover his claimed non-economic damages in excess of the jurisdictional minimum.

Further, Plaintiff's allegation of exactly 3.2 million dollars in damages is blatantly made in bad faith, made solely to confer jurisdiction. It is a sum certain fabricated from thin air. The Court need look no further than the irrelevant and inflammatory allegations of the Amended Complaint, showing Plaintiff's continued discontent with the Allegan County Circuit Court, revealing his current forum shopping.

Case 1:22-cv-01236-HYJ-SJB   ECF No. 14-1,  PageID.104   Filed 02/27/23   Page 8 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*                              Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 8 of 10

While Defendant fully intends to defend the above on the merits should this case continue in any fashion, none of Plaintiff's allegations supports a sum certain of 3.2 million dollars or damages in excess of the jurisdictional minimum, and the allegation as to damages is made in bad faith. This is clear, to a legal certainty, from the face of the Complaint, supported by Plaintiff's admittance in this case of his continued discontent for the Allegan County Circuit Court. Even further, Plaintiff admits that several of his "claims" are barred by the statute of limitations (ECF No. 11 PageID.2 ¶ 11), that he is merely speculating that Defendant "sabotaged" a hay baler (ECF No. 11 PageID.8 ¶ 70), and that *he* was the one that was charged with a criminal offense for the conduct that took place in November 2022, despite claiming to have video of it (ECF No. 11 PageID.12 ¶ 125). Not only have the damages in this matter been inflated, but this case appears to have been filed for retaliatory purposes as well, warranting sanctions.

Lastly, Plaintiff pleads federal question jurisdiction under 28 U.S.C. § 1331, claiming that Defendant is liable under 42 U.S.C. § 1983 for purported violations of 18 U.S.C. § 1512 (witness tampering). However, 18 U.S.C. § 1512 is a criminal statute and does not provide a private cause of action. *See Cassaday v. Dow Chemical. Co.*, No. 22-11555, 2022 U.S. Dist. LEXIS 143645, at *4 (E.D. Mich. July 19, 2022) (no private cause of action under 18 U.S.C. § 1512, warranting summary judgment for failure to state claim); *Phillips-Addis v. Bottrell*, No. 1:20-cv-620, 2021 U.S. Dist. LEXIS 158511, at *8 (W.D. Mich. April 28, 2021) ("Plaintiff's reliance on this federal statute is misplaced. Plaintiff has no private cause of action for an alleged violation of § 1512."); *Jermano v. Taylor*, No. 11-10739, 2013 U.S. Dist. LEXIS, at *14 (E.D. Mich. Feb. 28, 2013) (no private cause of action under § 1512, warranting dismissal). Therefore, on this basis alone, summary judgment is warranted on Count Six, eliminating any argument Plaintiff has to maintain federal question jurisdiction.

Case 1:22-cv-01236-HYJ-SJB  ECF No. 14-1, PageID.105  Filed 02/27/23  Page 9 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*  Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)* Page 9 of 10

Further, Plaintiff's claim under 42 U.S.C. § 1983 against Defendant is not cognizable. "Under § 1983, an alleged deprivation of right guaranteed by the Constitution or laws of the United States must be done **under color of State law or regulation**." *Jermano*, 2013 U.S. Dist LEXIS at *7 (emphasis added). A "state action requires *both* an alleged constitutional deprivation 'caused by exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49; 119 S. Ct. 977; 143 L. Ed. 130 (1990). "Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken under color of law." *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50; 119 S. Ct. 977; 143 L. Ed. 2d 130 (1999)).

Plaintiff has not alleged that Defendant is a state actor sufficient to plead a claim under 42 U.S.C. § 1983. Defendant is a private individual, immune to claims under § 1983. Plaintiff makes no allegations that Defendant in any way conspired with state actors. In fact, he seems to allege the exact opposite – that neither the Allegan County Circuit Court, prosecutor's office, nor the FBI will do anything about the allegations. Even further, Plaintiff himself cites binding Supreme Court precedent which states that individuals do *not* have the right to prosecute, rendering his claim in this regard knowingly frivolous. (ECF No. 11 PageID. 5-6 ¶ 44); *Leeke v Timmerman*, 454 U.S. 83; 102 S. Ct. 69; 70 L. Ed. 2d 65 (1981).

Case 1:22-cv-01236-HYJ-SJB   ECF No. 14-1,   PageID.106   Filed 02/27/23   Page 10 of 10

*Nevin P. Cooper-Keel, Jr. v Garrett Keel-Worrell*   Case No.1:22-cv-01236-HYJ-SJB
*Defendant's Brief in Support of Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1)*   Page 10 of 10

Thus, there is no claim against Defendant under 42 U.S.C. § 1983 for alleged violations of 18 U.S.C. § 1512 because Plaintiff did not plead that Defendant was a state actor under color of law, and even if he did, there is no private cause of action under § 1512. Plaintiff failed to state a claim in this regard, and the Count must be dismissed, along with the entirety of the Amended Complaint.

## V. Conclusion

Defendant respectfully requests that the Court dismiss the Complaint pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional minimum, and because there is no claim upon which relief can be granted against Defendant under 42 U.S.C. § 1983. This is plain on the face of the Amended Complaint, and it is clear that Plaintiff fabricated a 3.2 million dollar figure to invoke the jurisdiction of this Court given his discontent for the state courts of Michigan. An accompanying Rule 11 motion is forthcoming.

WHEREFORE, Defendant respectfully requests that the Court enter an order dismissing this case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, and awarding Defendant any other relief the Court deems just and equitable.

Respectfully submitted,

KREIS, ENDERLE,
HUDGINS & BORSOS, P.C.

Dated: January 27 2023

/s/ *Sara E.D. Fazio*
Sara E.D. Fazio (P62046)
Attorneys for Defendant
Kreis, Enderle, Hudgins & Borsos, P.C.
333 Bridge Street NW, Suite 900
Grand Rapids, MI 49504
(616) 254-8400
sfazio@kreisenderle.com