**FILED - GR**
March 2, 2023 1:23 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JU / 3-2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

399 Federal Bldg 110 Michigan St NW Grand Rapids MI 49503, (616) 456-2381

NEVIN P. COOPER-KEEL, JD
    Plaintiff Pro Se

Case No. 1:22-cv-01236-HYJ-SJB

V.

Hon. Hala Y. Jarbou,

Hon. Sally J. Berens,

GARRETT KEEL-WORRELL,
    Defendant.

Plaintiff: Nevin P. Cooper-Keel, JD
Plaintiff
3127 127th Avenue
Allegan, MI 49010
616.329.7077
Nevincooperkeel@gmail.com

Sara E.D. Fazio (P62046)
Kreis, Enderle, Hudgins, && Borsos, PC
Attorneys for Defendant
333 Bridge St NW, Ste 900
Grand Rapids, MI 49504
616.254.8400
sfazio@kreisenderle.com

_____/

Plaintiff, Nevin Cooper-Keel, states::

### BREIF IN OBJECTION TO SHOW CAUSE ORDER

### STATEMENT OF FACTS

    My first contact with Sara Fazio came on June 23rd, 2022.  After a few emails

from  my aunt, days before hearing from Fazio, culminating with threatening forced

entry to my home, and bringing Defendant to come with her to do it - 'and bring another

person with me' - Defendant being the only person I know of visiting Michigan with her

- even listing in email to me a specific date and time she would be doing that, (Exhibit 1), I then first heard from Fazio.  Sure enough, given Defendant and his mother's past history of trying to frame me for crimes I haven't committed, due to their cognitive dissonance in both inability to address their own lack of merit, and difficulty in finding any demerits about me – in fact, often times passing off things they did by falsely claiming I did those things, like Fazio's "cease and desist harassing" letter (Exhibit 2), when really it was her two clients constantly initiating contact with me and me never initiating contact with them – I was right to deny entry to my home to Defendant and his mother, knowing it presented an unreasonable risk to me of them starting more trouble with me, plus my right to 30 days notice under our lease agreement.  I didn't foresee Defendant following me out into the forest to try to frame me for the crime of hunters harassment, but the truth will come out in that, just as the truth will come out about what Sara Fazio deliberately mislead-by-omission this court about in this frivolous action, meant only to delay my ability to contend with defending myself from Defendant's and his counsel Sara Fazio's malicious conduct toward me

After first getting an email from Beverly Keel-Worrell, mother of Defendant, on June 13th, 2022, requesting entry to the home and outbuildings where I live and lease within 4 or 5 days of the email (Exhibit 3), which I own the sole possessory right to and am entitled to 30 days notice of inspection, to which I declined entry on such short notice and which I believe was just a pretense for harassment (Exhibit 4), and Ms. Keel-Worrell responded flat out that she "will" be entering (Exhibit 1).

In comes Sara Fazio emailing me June 23rd, 2022, (Exhibit 2), telling me to cease and desist harassing her new client.  I pointed out to Fazio that for me to cease doing something, I'd first have to be doing it (Exhibit 5), and that I have not sought any

contact with Ms. Keel-Worrell or her son, Defendant, for a very long time, and yet they both continue initiating contacts with me that I keep asking them to stop, and that I thought Fazio's email was actually a continuation of the harassment toward me which I would like her to cease and desist doing (Exhibit 6).

Sara Fazio took this case knowing she had a conflict of interest between her client in this case, and his mother who she represents in another case, and whom Fazio is about to be a co-defendant with in another case I'm preparing to file, which Fazio's complained of emails from me were referencing. She took this case knowing I'd already told her to cease and desist contacting me, harassing me, and defaming me. Fazio initiated contact with me again on January 17th, 2023, knowing I'd already told her and her client to stop, many times. Fazio could have, and should have, asked for a suspension of rule 7.1(b) before contacting me, but that would have required her to be forthright to this Court and point out her history of harassing me and my repeated requests for her and her clients to stop contacting me.

Fazio has continued in the Allegan County case between my mother and aunt's, where she represents Defendant's mother, by knowingly needlessly and maliciously defaming me in many ways, including the baseless claim that I have been harassing her client, when in fact, it was her client engaged in landlord-tenant harassment of me, and I have not initiated ANY contact with her, whatsoever, and have repeatedly demanded my aunt, Defendant, and Sara Fozio leave me alone, directly to them, and Sara Fazio was aware of that before she contacted me under *pretext* of court rule. I am still exploring whether or not the false claims of me harassing her client in the Allegan real estate case is protected speech – since I'm not a party to the case and whether or not I had harassed my aunt has nothing to do with their action for partition or sale of the

property, and I think Sara Fozio has only making those claims now to remind Judge

Bakker to act with bias toward my mother. Initially, maybe those claims had something

loosely to do with the case, since Fazio was raising issues that related back to the family

estate, which would have put the matter into probate court, but Fazio then agreed

almost without any consideration to dismiss those claims with prejudice, solely for the

purpose of keeping that case in front of a biased judge that I am involved in numerous

adversarial cases against and that she is abusing the legal process to base her legal

strategy on taking advantage of a judge's bias. Talk about the pot calling the kettle

black: her motion's for summary saying I'm venue shopping – I'm just looking for a

neutral and detatched magistrate and a fair and impartial jury, and I think Fazio's only

known legal strategy is abuse of process, of which I and my mother and aunt have been a

victim of, repeatedly, directly from Fazio.

I have complained of this to Fazio and told her to stop (Exhibit 7 and 8). Fazio

knows at least that I don't approve of what she has been saying about me, that I want

her and her clients to stop contacting me, which I have directly told them many times.

Heretofore, the only thing Fazio has had the balls to say about me publicly is through

methods that I haven't gotten a response to respond to – either in a case where I'm not a

party, or through secretive, non-oppositional, ex parte otherwise kangarooish

proceedings unless there would be irreparable harm done, which doesn't exist in this

action to justify filing it ex parte.

And then January 17th, 2023, Fazio emails me. Contacting me again, with more

underhanded abuse of process.

I understand the prerogative of courts to give immunity to pleadings as protected

speech to encourage witnesses and litigants to speak freely and honestly, without fear of

counter suit for things like Defamation. In my research on the limitations of that speech, if it is not at all pertinent to a matter, similar to what this Court cited in its summons of me in this matter, ""The federal courts do not provide a forum for mudslinging, name calling and "privileged" defamation." Alvarado Morales v. Digital Equip. Corp., 669 F. Supp. 1173, 1187 (D.P.R. 1987)", that might not have been protected speech in the real estate case, or maybe, we'll see. While the court might give immunity, in my own conscience, I'm under no such obligation to grant immunity and am well within my rights not to.

Just like Fazio's client, Ms. Keel-Worrell, was contacting me about entering my home on a few day's notice (Exhibits 1 and 2) was being done as a false pretext, under color of law of rights a landlord might have, if it were not being done for the purpose of harassing me or otherwise vexing me, which was the only purpose for it – Fazio's email to me January 17th, 2023, was done under pretext of color of law, motion for summary and local rule 7.1(b) concurrence, but its true purpose was further harassing me with vexatious motions. This Court *might* give immunity for that, but again, in my own conscience or my private communications of my thoughts when prompted by Fazio to do so, I'm under no such obligation. Fazio is aware or should be of all this, but instead of seeking suspension of rule 7.1(b) herself, knowing that I'd already told her to cease and desist contacting me, she proceeded to contact me again. There are not many people I have told to stop contacting me, but Fazio and her clients are some of those people (Exhibit 3, 4, 5, 6, 7, and 8). Defendant could have hired any other attorney, and conceivably, that wouldn't be somebody I'd already told to stop contacting me.

After all that, if *that* person sends me a private email, initiating contact with me, whatever their pretenses for sending it, then *that* person just invited a response from me

– anytime anyone contacts anyone through a private email, they are inviting a response, aka consenting to a contact. Further, they just walked onto my platform of free speech, where I can use it however I want within the vast realm of protected speech. I have the right to tell someone contacting me privately to stop contacting me, to go f themselves, that they and their law firm are gay, to make a demand for money damages owed for legally recognized torts and crimes, to revoke that offer and change my mind about it, and whilst finishing my invited response which Fazio had not so much as interrupted to ask me to stop, remind her that I think her and her firm are gay, *inter alia*.

The court cites *Sanders v. Delta Air Lines, Inc.,* No. 13-1440, 2014 WL 2859135, at *3 (D. Ariz. June 23, 2014), where the Plaintiff was found to be in contempt for threatening to decapitate Defendant and engage in other *threats of violence* in a private communication with them while the case was pending. It is a crime to threaten violence. The only thing that invited the court's jurisdiction into that otherwise private communication was a threat of violence, because otherwise it would be protected speech, like mine, where I didn't threaten violence and was invited to speak in a private communication. That case also addresses where Defendant acted inappropriately in venue of that court – at a deposition. I have not availed my complained of but protected statements to this court's purview, like in *Sanders v. Delta Air Lines, Inc.,* by making them through the medium of this Court as a venue. Not in my pleadings, nor in a deposition. There are differing customs between a public proceeding, like a motion or deposition, and directly and privately contacting a person through email. I have greater leeway in my freedom of speech in a private communication, than in one through a public medium like a court, or some other public institution where they have an interest in maintaining some sort of order of rules, like a classroom. But when you slide into my

DMs, you just came to my *private* venue where I'm the judge, jury, and executioner, and outside of breaking the law with my speech, like making a threat of violence, I can be as offensive as I want. There are not many people who have wronged me so maliciously as Defendant and Sara Fozio, that I would care to do that with, but she's one of them, and I have every right to express that to her with whatever colorful language I want, when she initiates a direct and private dialogue with me.

Fazio does not need to share my emails with her to plead that she'd sought concurrence for local rule 7.1(b) – she could just say that, and if I then objected to it claiming she hadn't, those emails would then be relevant to this court. Even then, they would only become relevant to this Court for the purpose of perjuring my claims that she'd not sought concurrence, not for policing my speech in a private communication that was invited by the complainant.

I had not contacted Fazio since concluding my response to her unwanted initiation of contact with me, on Jan 18th, 2023, when Fazio then sought a secret personal protection order ex parte, which she now references, on January 18th, 2023. I did not know anything of her doing that and was not served with that PPO until February 4th, 2023. I filed my objection to it on February 21st, 2023, in Kent County 17th Circuit Court. (Exhibit 9).

I am a victim of numerous federal crimes committed by Defendant in this case. I have detailed in my pleadings how Defendant sent an extortion letter from California to Michigan a week before he was scheduled to testify in my divorce case as a hostile witness against me, asking my mother and aunt to convey their interest in the family farm to him in exchange for his testimony in my divorce. Extortion across state lines invokes federal jurisdiction. I also plead that Defendant sent a text message from

California to my witness in Michigan, while my witness was on the witness stand and Defendant was watching the proceeding on youtube, telling my witness right when I asked witness if Defendant was honest or dishonest, that Defendant is "watching" him. Witness intimidation across state lines invokes federal jurisdiction.

Local rule 7.1(b) violates a crime victim's rights to reasonable protection from the accused. 34 U.S. Code § 20141(c)(2) requires that "a victim to receive reasonable protection from a suspected offender and persons acting in concert with or at the behest of the suspected offender." There are many types of cases this would not be a requirement – such if the matter did not involve claims as a victim of federal crimes.

I don't like local rule 7.1(b) requiring seeking concurrence with the other party before filing certain types of motions. I would not have brought this matter into court if I were at all interested in any further communication with Defendant or his agents, including Sara Fazio. I think that rule stems from trying to restrain attorneys from driving up costs for their clients. Unlike an attorney, I am not in this case to make professional gains. I am only trying to recoup what Defendant has taken from me and be made whole. I'm also not here for recreation, like cited in summon *Nguyen v. Biter*, No. 1:11-cv-00809, 2015 WL 366932, like an institutionalized prisoner filing random lawsuits.

The only contact I consent to from Fazio or Defendant or his agents is to send me a check for the damages complained of and a consent judgment agreeing to never contact me again. I am only interested in speaking through the court, so I only object in part to the portion of the order requiring me to apply for electronic submission to this case.

It is unfortunate that the US Courts electronic filing system treats US Citizens as second class citizens compared to attorneys – not allowing them access to the system that attorneys are granted.  Makes for less fair proceedings for a citizen to have to file multiple applications for electronic access to filing, when attorneys once their application is filed for essentially the same thing, are granted electronic access for filing in all cases which they're involved in.  I would just ask that once I file the application for electronic filing, since I have multiple federal cases going on, that my account associated with the email nevincooperkeel@gmail.com be granted filing access to all cases I'm involved in, not just this one.

I made the complained of statements on January 17th and 18th, 2023.  Fazio did not file this "ex parte" motion until February 8th, 2023.  My comments, which Fazio had received no further contact of since then, did not become an emergency risking irreparable harm to her three weeks later.  Fazio just wanted to come wave around her ex parte kangaroo PPO, which had at that point just been served on me, before I would have a chance to respond to it.  And that is because again, she wants to try to win this case with abuse of process, rather than on the merits of the facts and law.  This was a frivolous and vexatious motion brought by Defendant's counsel.

**LAW**

*Alvarado Morales v. Digital Equip. Corp.*, 669 F. Supp. 1173, 1187 (D.P.R. 1987).

*Cameron v. Lambert*, No. 07 Civ. 9258, 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008)

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)

*Nguyen v. Biter*, No. 1:11-cv-00809, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015)

*Sanders v. Delta Air Lines, Inc.*, No. 13-1440, 2014 WL 2859135, at *3 (D. Ariz. June 23, 2014)

*United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

34 U.S. Code § 20141(c)(2) - Services to victims

Rule 408. Compromise Offers and Negotiations

## ARGUMENT

In *Alvarado Morales v. Digital Equip. Corp.*, 669 F. Supp. 1173, 1187 (D.P.R. 1987), the court held that "The federal courts do not provide a forum for mudslinging, name calling and "privileged" defamation." An element of defamation is that a statement was made publicly or to a third person. My complained of statements from Fazio were made privately, directly to her, and not to any third person by me. Whether she chose to make them public or not was on her, but that doesn't cover that element of defamation, and therefore there are no grounds to hold me in contempt for defamation in these complained of statements. Further, *Alvarado* talks about the <u>forum</u> of federal courts. When somebody sends me a private email, directly to me, I'm not communicating in a court forum – I'm speaking on my own forum. Much like the other legal distinctions between public and private property, so too do first amendment rights fluctuate with the venue, and any court's jurisdiction over them.

In *Cameron v. Lambert*, No. 07 Civ. 9258, 2008 WL 4823596, at *4 (S.D.N.Y. Nov. 7, 2008), the court gained jurisdiction over the statements by them being both illegal threats of physical violence, and by being made within that court's venue, in a deposition. My complained of statements were made privately by invitation of contact directly through my email. They didn't break any laws, nor did they venture into this Court's venue. Fazio had less intrusive options than emailing me directly, and knew or

should have known after her repeated defamations and harassment of me that I probably wouldn't have anything nice to say to her. Nor do I have any obligation to be nice to her in a private communication she invites from me.

In *Nguyen v. Biter*, No. 1:11-cv-00809, 2015 WL 366932, at *7 (E.D. Cal. Jan. 27, 2015), the court reasoned that the Plaintiff was pursuing the case as a bored prisoner for recreation and maliciousness, rather than true grievance. In my case, I am a very industrious person and my recreation usually relates to business productivity or family matters, with the occasional hockey game I play for just a bit of my own. A friend of mine from law school, who is an attorney, and plays devil's advocate fruitfully, told me maybe I'm just filing some of these cases for fun or being a pretend lawyer. I've had to point out that I operate multiple businesses that most lawyers could not even begin, even while having to defend myself from torts and crimes like the ones in this case. I didn't tell Fazio what I told her for fun – but because I'm truly grieved by what she and her clients have been doing to me and the rest of my family. And as a heretofore victim of crimes that has received zero equal protection of the law from any government, it mitigates completely the defenses I have had to make of even my email inbox. If anything was malicious here, it was a fake emergency three weeks after me emailing her as the false pretext to ex parte motion this.

In *Sanders v. Delta Air Lines, Inc.*, No. 13-1440, 2014 WL 2859135, at *3 (D. Ariz. June 23, 2014), the illegal speech was imminent threats of decapitation and other violence, and also statements made in public in the Court's venue, giving the court jurisdiction. Again, I've not made any threats of violence or any other illegal conduct, and have not made the statements in a venue of the Court. Therefore, I should not be held in contempt of anything before this Court.

In *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), the court ruled that "Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them." My complained of statements were not made before this Court, was not my conduct appearing before this Court, and was not any essential part of any proceeding before this Court. Local rule 7.1(b) is superfluous to a court proceeding. To the extent local rule 7.1(b) violated my rights as a crime victim to be left alone by Defendant and his agents, it mitigates completely what might otherwise be contemptuous motivations as a valid defense of myself from people I've repeatedly told to stop contacting me from contacting me. Further, such communications should be considered protected speech as being bared by Fed Rule of Evidence 408, offers of compromise. Furthermore, I made these statements on January 17th and 18th, and they didn't become an "emergency" risking irreparable harm, supposedly, until Fazio's ex parte motion February 8th. She had plenty of time to motion it, instead of feign like a hysterical victim – when she knows damn well why I'd have such words for her, which she lacked candor to this Court in not mentioning in a forthcoming way. 'No idea why he'd have such things to say to me' – yeah, right...

In *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993), the court also stated that since "[contempt] power is not regulated by Congress or the people and is particularly subject to abuse, it must be exercised with the greatest restraint and caution, and then only to the extent necessary." It is not necessary for this court to exert any further coercion onto me with sanctions for contempt, when my complained of contact was invited by Fazio, and this Court has already fashioned a remedy to protect me and her from any more direct communications. Those aren't always productive, anyway. Suspension of local rule 7.1(b) and electronic filing is a fair order to mitigate

any further concerns of communications between the parties. I brought this case solely for enforcing my legal rights. If Defendant disputes what is owed for Defendant's violations of them, I'm just here for a neutral and detached magistrate and a fair and impartial jury. Otherwise, Fazio should just send me a check and signed consent order, or stick to speaking to me through the Court, as I wouldn't have brought this case if I were interested in anymore talking with Defendant or his agents, and to subject me to that only subjects me to further harassment and victimization by them.

34 U.S. Code § 20141(c)(2) states, "A responsible official shall arrange for a victim to receive reasonable protection from a suspected offender and persons acting in concert with or at the behest of the suspected offender." I am due an order prohibiting contacting from Defendant or his agents, including his attorney. I've at least got as much right to defend myself from their unwanted contacts by exercising my freedom of speech as they have to be protected from my speech rejecting their further initiated contact with me.

WHEREFORE, please enter the order suspending local rule 7.1(b) in this case, and find no contempt.


Respectfully submitted,

Nevin Cooper-Keel, Plaintiff, 3.1.23

**CERTIFICATE OF WORD COUNT AND/OR COMPLIANCE WITH FED RUL 32**
4056 words, 13 pages

Respectfully submitted,

Nevin Cooper-Keel, Plaintiff, 3.1.23

