UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN (SOUTHERN DIVISION)

NEVIN P. COOPER-KEEL, JR.

    Plaintiff,

vs.

GARRETT KEEL-WORRELL,

    Defendant.

Case No. 1:22-cv-01236-HYJ-SJB

Hon. Hala Y. Jarbou, Presiding

Hon. Sally J. Berens, Referral

**ORAL ARGUMENT NOT REQUESTED**

---

Nevin P. Cooper-Keel, Jr.
Plaintiff in pro per
3127 127th Avenue
Allegan, MI 49010
(616) 329-7077
nevincooperkeel@gmail.com

Sara E.D. Fazio (P62046)
Kreis, Enderle, Hudgins & Borsos, P.C.
Attorneys for Defendant
333 Bridge Street NW, Suite 900
Grand Rapids, MI 49504
(616) 254-8400
sfazio@kreisenderle.com

**DEFENDANT'S BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S
EX-PARTE MOTION FOR LEAVE TO AMEND PLEADINGS**

**I.  Procedural History**

The Plaintiff initiated the instant action by the filing of a Complaint on December 28, 2022. The Defendant filed a Motion for Summary Disposition in response to the Complaint on January 17, 2023.  On February 8, 2023, the Plaintiff filed an Amended Complaint.  In response, the Defendant filed *Defendant's Renewed Motion for Summary Judgment Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6)* ("Renewed Motion for Summary Judgment").  The Plaintiff has not yet responded to the Renewed Motion for Summary Judgment, and the Court has not yet ruled on the relief requested therein.

On March 6, 2023, the Plaintiff filed an *Ex Parte Motion for Leave to Amend Pleadings* ("Motion to Amend"), in which he requested to file a second amended complaint in this matter.

The Motion to Amend does not attach the proposed second amended complaint the Plaintiff seeks to file.

**II.     Legal analysis**

"[A] motion to amend a Complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *DeWilde v. Orgill, Inc.*, 2012 U.S.Dist. LEXIS 65699 at *5 (E.D.M.I. 2012)[1] citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

If an amended complaint could not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the motion to amend is futile. *Id.* citing *Riverview Health Inst. LLC v. Med Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). The Plaintiff's Motion to Amend is futile on the basis that: (1) it fails to state a claim for malicious prosecution under Michigan law; and (2) it fails to allege the requisite damages to meet the jurisdictional requirement for federal diversity jurisdiction.

A Federal Court exercising jurisdiction over a case solely due to diversity of citizenship of the parties must apply the applicable state law to the claims raised by the plaintiff. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Under Michigan law, a claim for malicious prosecution with respect to criminal prosecutions must set forth the following elements: "(1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecutor lacked probable cause for his actions, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice." *Mann v. Walmart Stores E. LP*, 2022 Mich. App. LEXIS 6156 at *3 (2022).[2] See also *Nawrocki v. Eberhard Foods, Inc.*, 24 Mich.App. 646, 649-650; 180 N.W.2d 849, 851 (1970). The Plaintiff's

---

[1] Attached as **Exhibit 1**.
[2] Attached as **Exhibit 2**.

Motion to Amend fails to set forth the requisite elements of a claim for malicious prosecution under Michigan law. At best, it merely alleges that a criminal matter was resolved in his favor. Accordingly, the Plaintiff's Motion to Amend is futile as it fails to set forth a claim upon which relief could be granted under Michigan law and would not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6).

In fact, the Plaintiff's Motion to Amend is wholly deficient in that it fails to even attach a copy of the proposed second amended complaint the Plaintiff seeks leave of this Court to file. A plaintiff's failure to file a proposed amended pleading with a motion to amend leaves the Court and parties to speculate as to the desired amendment. *Blassingame v. Trihealth, Inc.*, 2023 U.S. Dist. LEXIS 20082 at *4-*5 (S.D.O.H 2023),[3] citing *Williams v. Miniard*, 2023 U.S. Dist. LEXIS 5224 at *4 (S.D.O.H. 2023).[4] Indeed, the Sixth Circuit has found that a plaintiff's motion to amend a complaint is inadequate without the attachment of a copy of the proposed amended pleading. *Id.* citing *Kuyat v . BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). (See also *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000), noting the Sixth Circuit's disfavor of the filing of bare requests to amend in lieu of a properly filed motion to amend). The Court and the Defendant should not be required to speculate as to the claims the Plaintiff intends to assert, or to formulate the Plaintiff's argument under Michigan law on his behalf.

Additionally, the Motion to Amend does not enumerate any damages the Plaintiff alleges he incurred. As the Defendant has raised in the Renewed Motion for Summary Judgment, which is currently pending before this Court and which the Defendant hereby incorporates by reference [Docket #14], the Plaintiff has failed to plead his sum certain damages with any legal certainty such that the Federal Court lacks jurisdiction in this matter. Despite this matter being raised as

---

[3] Attached as **Exhibit 3**.
[4] Attached as **Exhibit 4**.

soon as the original Complaint was filed in this matter, the Plaintiff has amended his Complaint once without addressing this deficiency. The Plaintiff's Motion to Amend again fails to address the jurisdictional deficiency of his claims against Defendant. Permitting the Plaintiff to file a second amended complaint will only cause undue delay of the Court's ruling on the Renewed Motion for Summary Judgment, and causes significant expense and prejudice to the Defendant.

### III.  Conclusion

The Plaintiff cannot demonstrate that his damages exceed the jurisdictional requirement of the Federal Court exercising diversity jurisdiction. His Motion to Amend is futile in that it does not state a claim upon which relief can be granted under Michigan law. The Motion to Amend lacks a proposed second amended complaint, and was filed for the purpose of increasing the cost of litigation for the Defendant and to needlessly delay the Court's ruling on the pending Renewed Motion for Summary Judgment. As such, the Defendant respectfully requests that the Plaintiff's Motion to Amend be denied.

Respectfully Submitted,

KREIS ENDERLE
HUDGINS & BORSOS

Dated: March 17, 2023

/s/ *Sara E.D. Fazio*
Sara E.D. Fazio (P62046)
Attorneys for Defendant