UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL, JD,

    Plaintiff,

v.

GARRETT KEEL-WORRELL,

    Defendant.
_____/

Case No. 1:22-cv-1236

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff Nevin Cooper-Keel, a resident of Michigan, brings this action against his cousin, Garrett Keel-Worrell, a resident of California. Defendant moved to dismiss the action. On April 14, 2023, the magistrate judge issued a report and recommendation ("R&R"), recommending that the Court grant that motion in part and deny it in part. (R&R, ECF No. 30.) Before the Court are Plaintiff's objections to the R&R. (Pl.'s Objs., ECF No. 32.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff alleges multiple instances in which Defendant and an acquaintance, Daniel Ashley, purportedly engaged in "harassing and stalking behavior" toward Plaintiff. (Am. Compl. ¶ 11, ECF No. 11.) Among other things, Defendant repeatedly contacted Plaintiff, entered Plaintiff's property, and told Plaintiff "many offensive things," despite Plaintiff's requests for him to leave and to not contact Plaintiff. (*See id.* ¶¶ 57, 92-99.) Also, Defendant allegedly attempted

to break into Plaintiff's garage, causing Plaintiff to call 911.  (*Id.* ¶ 106.)  The following day, Defendant tried to stop Plaintiff's guest from leaving Plaintiff's property.  (*Id.* ¶¶ 112-14.)  At the time, Defendant was carrying a crossbow.  (*Id.*)

When considering what claims Plaintiff could aggregate to satisfy the amount-in-controversy requirement for diversity jurisdiction, the magistrate judge did not consider Plaintiff's claims for harassment, false imprisonment, and invasion of privacy because the magistrate judge concluded, based on a "superficial examination," that Plaintiff had failed to "properly plead" such claims.  (R&R 9.)  Plaintiff objects to "dismissal" of these claims, but the magistrate judge does not recommend their dismissal.  Instead, the magistrate judge conducted a "superficial" examination of these claims solely for the purpose of determining whether the Court has subject matter jurisdiction.  The magistrate judge concluded that Plaintiff's other claims satisfy the amount in controversy and recommends denial of Defendant's motion insofar as it seeks dismissal for lack of subject matter jurisdiction.  (R&R 16.)  Thus, to the extent that Plaintiff objects to dismissal, that objection misunderstands the R&R.

<u>Objection 1:  Harassment Claim</u>

Plaintiff's complaint asserts a claim for "harassment" based on Defendant's "many unwanted contacts."  (Am. Compl. ¶ 170.)  Plaintiff objects to the magistrate judge's assertion that he does not plead a viable claim.  The magistrate judge was "aware of no Michigan case recognizing a tort for generalized harassment" (R&R 9); however, Plaintiff points out that his claim is premised on Mich. Comp. Laws § 600.2954, which permits a "victim" of "harassment"—as those terms are defined in Mich. Comp. Laws § 750.411h—to bring a civil action against the harasser.  *See* Mich. Comp. Laws § 600.2954(1).  "Harassment" means

> conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact that would cause a reasonable individual to suffer

2

> emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose.

Mich. Comp. Laws § 750.411h(1)(c). A "victim" is "an individual who is the target of a willful course of conduct involving repeated or continuing harassment." *Id.* § 750.411h(1)(f). An "unconsented contact" is "any contact with another individual that is initiated or continued without that individual's consent or in disregard of that individual's expressed desire that the contact be avoided or discontinued." *Id.* § 750.411h(1)(e).

Plaintiff's allegations suffice to state a claim under Mich. Comp. Laws § 600.2954. He alleges multiple unwanted contacts from Defendant, including contacts that could plausibly cause a reasonable individual to suffer emotional distress. He also alleges that he suffered emotional distress. (Am. Compl. ¶ 172.) Accordingly, the Court will reject the R&R insofar as it concludes that Plaintiff does not state a harassment claim.

Objection 2: Invasion of Privacy Claim

Plaintiff claims that Defendant's attempt to break into his garage was an invasion of privacy because it constituted "an unauthorized intrusion upon [Plaintiff's] seclusion." (Am. Compl. ¶ 181.) The magistrate judge concluded that Plaintiff fails to state such a claim because he does not allege that his garage "contained anything 'having to do with a 'secret and private subject matter'" or that Defendant actually obtained any information about a private matter. (R&R 10 (quoting *Doe v. Mills*, 536 N.W.2d 824, 832 (Mich. Ct. App. 1995)).)

Plaintiff responds that *Mills* is distinguishable because it involved the publication of private information, rather than an unlawful intrusion. *Mills* cited *Pearson v. Dodd*, 410 F.2d 701 (D.C. Cir. 1969), which discussed "sphere[s] of privacy" more generally. *Id.* at 704. Plaintiff contends that Defendant "intruded" on his home and garage, which are physical spheres of privacy for Plaintiff because they are part of his private residence. However, the Court agrees with the

3

magistrate judge. Allegations that Defendant entered onto Plaintiff's property outside of Plaintiff's home and *attempted* to enter Plaintiff's garage do not suffice to state a claim against Defendant for invasion of privacy. As indicated by the magistrate judge, Plaintiff does not identify a "secret and private subject matter," or anything related to Plaintiff's private affairs, which is one of the required elements of an invasion of privacy claim premised on intrusion upon seclusion. Thus, this objection is meritless.

      Objection 3: False Imprisonment

Plaintiff claims that Defendant falsely imprisoned him. The magistrate judge concluded that Plaintiff fails to state such a claim because Plaintiff

> does not allege that Defendant did any act—such as pointing the crossbow at Plaintiff or telling Plaintiff that he would use it on him if he did not go into his house—evincing an intent to confine Plaintiff to his home.

(R&R 10.)

Plaintiff responds that it was "reasonable" for him to "feel confined" to his home while Defendant was "standing outside of it with a [crossbow] and refusing to leave" because Defendant followed Plaintiff to his house, repeatedly refused to heed Plaintiff's requests to leave, and stayed on Plaintiff's property even after Plaintiff called 911. (Pl.'s Objs., PageID.229.) Plaintiff acknowledges that he went into his home and locked the door, but he asserts that it was reasonable for him to do so because that is what the 911 operator recommended. Plaintiff contends that it is plausible to infer an intent to confine under these circumstances. However, the Court finds that the magistrate judge's reasoning is more persuasive. And at any rate, that reasoning is dicta because it does not impact the outcome of Defendant's motion. Defendant did not move for dismissal of this claim on that basis and the magistrate judge does not recommend dismissal of this claim.

Objection 4:  Conspiracy Claims

The magistrate judge concluded that Plaintiff did not state a conspiracy claim under 42 U.S.C. § 1983.  Plaintiff asserts that he has stated valid conspiracy claims based on alleged violations of state law.  However, the magistrate judge did not address such conspiracy claims, so the Court discerns no error.

Conclusion

In summary, the Court agrees with the magistrate judge in all respects except one.  The Court agrees with Plaintiff that he has stated a valid claim for harassment, so the Court will reject the discussion of that claim in the R&R.  Plaintiff's other objections are meritless.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 30) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court.  The Court does not adopt the magistrate judge's assessment that there is no legal basis for Plaintiff's harassment claim.   In all other respects, the Court adopts the R&R.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 14) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1512 are **DISMISSED WITH PREJUDICE** for failure to state a claim.  In all other respects, Defendant's motion is **DENIED**.

Dated: May 8, 2023                               /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE