UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL, JD,

    Plaintiff,                                 Hon. Sally J. Berens

v.                                                   Case No. 1:22-cv-1236

GARRETT KEEL-WORRELL,

    Defendant.
_____/

**ORDER**

The Court has before it Defendant's Motion for Rule 11 Sanctions as to Plaintiff's Second Amended Complaint.[1] (ECF No. 64.) Plaintiff has failed to respond. For the reasons that follow, the Court will **DENY** the motion **without prejudice**.

Plaintiff and Defendant are cousins. Both have permission to hunt on family farmland located in Allegan, Michigan. Plaintiff also resides on a portion of the family property. The parties have had a contentious relationship for a number of years. Most, but not all, of Plaintiff's factual allegations involve the family property.

Plaintiff initiated this action on December 28, 2022. In his initial complaint, he alleged claims of harassment, false imprisonment, extortion, invasion of privacy, and intentional infliction of emotional distress. (ECF No. 1.) Plaintiff subsequently amended his complaint as a matter of right on February 8, 2023, after Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] The amended complaint added

---

[1] Although titled Defendant's Second Renewed Motion for Sanctions Pursuant to F.R.C.P. 11, Defendant has not previously filed a motion for Rule 11 sanctions.

[2] Defendant erroneously identified his motion as a motion for summary judgment. (ECF No. 5.)

some additional factual allegations, as well as new claims of conspiracy and violations under 42 U.S.C. § 1983 and 18 U.S.C. § 1512. (ECF No. 11.) In response, Defendant filed a motion to dismiss directed to the amended complaint, this time alleging both lack of subject matter jurisdiction and failure to state a claim under Rule 12(b)(6) as to both the Section 1983 claim and the witness tampering claim under 18 U.S.C. § 1512. (ECF No. 14.) The Court granted the motion in part, dismissing the Section 1983 claim and the witness tampering claim. However, it denied the Rule 12(b)(1) portion because it concluded that Plaintiff's allegations satisfied the amount in controversy requirement for diversity jurisdiction. (ECF No. 33.) On June 1, 2023, Plaintiff moved for leave to file a second amended complaint to add a claim for malicious prosecution. (ECF No. 37.) The Court granted the motion on July 3, 2023. (ECF No. 48.) After responding to the second amended complaint, Defendant filed a motion for judgment on the pleadings as to all claims except malicious prosecution. (ECF No. 53.) On November 3, 2023, the Court granted Defendant's motion as to the false imprisonment, extortion, invasion of privacy, intentional infliction of emotional distress, and civil conspiracy claims, but denied it as to the harassment claim. (ECF No. 63.) The harassment and malicious prosecution claims thus remain in the case.

Defendant seeks sanctions pursuant to Federal Rule of Civil Procedure 11. Rule 11 provides that an attorney or an unrepresented party who files a pleading or other paper with a court certifies that, among other things:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3). "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

In determining whether a party has violated Rule 11, courts examine whether the conduct was reasonable under the circumstances. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). The standard is an objective one. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (noting that "the imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct'" (quoting *United States v. Kouri–Perez*, 187 F.3d 1, 8 (1st Cir. 1999)). "Thus, [a party's] good faith is not a defense." *Id.* The party's conduct is to be judged at the time the pleading or paper was signed rather than from hindsight. *See INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987). Pro se litigants, like attorneys, "must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." *Stevens v. Mooney*, No. 95-1757, 1996 WL 125048, at *1 (6th Cir. Mar. 20, 1996). Here, Defendant claims that Plaintiff violated Rule 11(b)(1)–(3).

As an initial matter, the Sixth Circuit has cautioned that district courts "should be hesitant to determine that a party's complaint is in violation of Rule 11(b) when the suit is dismissed pursuant to Rule 12(b)(6) and there is nothing before the court, save the bare allegations of the complaint." *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003). The *Tahfs* court reasoned that "[a]t the pleading stage in the litigation, ordinarily there is little or no evidence before the court at all, and such facts as are alleged, must be interpreted in favor of the nonmovant." *Id.* It contrasted that situation with a Rule 11 motion following a successful summary judgment motion after discovery has concluded, when a court is better equipped to assess whether a party violated Rule

3

11. *Id.*; *see also Scott v. Bank of Am., N.A.*, No. 21-11068, 2022 WL 4587839, at *14 (E.D. Mich. Sept. 29, 2022) (declining to impose Rule 11 sanctions following dismissal of claims under Rule 12(b)(6) that were not wholly lacking in legal merit). Here, the Court has dismissed most of Plaintiff's claims, but two claims remain.

While a Rule 11 decision is premature at this stage, the Court will address Defendant's specific arguments. First, Defendant contends that sanctions are warranted because Plaintiff alleged $3.2 million in damages in his complaint without factual or legal support. (ECF No. 6-1 at PageID.554.) It is true that the Court determined that Plaintiff failed to support his multi-million-dollar damage claims with facts, but Defendant fails to consider that the Court denied his motion to dismiss for lack of subject matter jurisdiction because Plaintiff's allegations arguably sufficed to show that the jurisdictional threshold was met. (ECF No. 30 at PageID.213–15.) Thus, Plaintiff's inflated damage allegations do not warrant sanctions.

Second, Defendant argues that Plaintiff's decision to file in federal court was motivated by his desire to avoid filing in the Allegan County Circuit Court. The Court is aware of Plaintiff's contentious history with the judges of the Allegan County Circuit Court. As set forth above, however, because Plaintiff satisfied the jurisdictional requirements for filing in this Court, he was entitled to file his action here. This is not a basis for Rule 11 sanctions.

Third, Defendant notes that most of Plaintiff's allegations consist of irrelevant and unnecessary statements directed at Defendant and other individuals who are not parties to this action. (ECF No. 64-1 at PageID.555.) The Court agrees with Defendant that Plaintiff's pleadings in this case are improperly littered with extraneous comments having nothing to do with Plaintiff's claims. The proper remedy, however, would have been a motion to strike "redundant, immaterial, impertinent, or scandalous matter" pursuant to Rule 12(f). To be sure, Plaintiff has a history in this

Court of using pleadings to launch personal attacks and diatribes against both opposing and non-parties, but the Court does not find that such conduct, alone, supports Rule 11 sanctions.

Last, Defendant examines the individual allegations in the complaint, arguing that they lack evidentiary support and/or are insufficient to support a legal claim. As noted above, the Court has addressed the sufficiency of these allegations and has determined that most, but not all of them, fail to support a valid legal claim. Nonetheless, having already determined the legal sufficiency of the claims, the Court cannot say that, on the whole, the dismissed claims were so lacking in factual or legal support to warrant sanctions. As the Sixth Circuit has observed, generally speaking, dismissal of an action for failure to state a claim is "not enough to sanction Plaintiffs." *James v. Caterpillar, Inc.*, 824 F. App'x 374, 378 (6th Cir. 2020).

Finally, while the Court declines to impose sanctions at this point, it does not foreclose that possibility at the conclusion of the case if Defendant can sufficiently demonstrate that Plaintiff filed this action for an improper purpose or without legal or factual support for his remaining claims. Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions Pursuant to F.R.C.P. 11 (ECF No. 64) is **DENIED**, provided that Defendant may renew his motion at the conclusion of the case if circumstances warrant.

Dated: January 19, 2024                                       /s/ Sally J. Berens
                                                                                SALLY J. BERENS
                                                                                U.S. Magistrate Judge